**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | NO. 1:15-CR-106-1 |
| | § | |
| ARMANDO MARTINEZ | § | |

**REPORT AND RECOMMENDATION ON PETITION FOR WARRANT
FOR OFFENDER UNDER SUPERVISION**

Pending is a "Petition for Warrant or Summons for Offender Under Supervision" filed July 30, 2015, alleging that the Defendant, Armando Martinez, violated his conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. See United States v. Rodriguez, 23 F.3d 919, 920 n.1 (5th Cir. 1994); see also 18 U.S.C. § 3401(I) (2000); Local Rules for the Assignment of Duties to United States Magistrate Judges.

### I. The Original Conviction and Sentence

Martinez was sentenced on April 11, 2013, before The Honorable U.S. District Judge Nelva Gonzales Ramos in the Southern District of Texas after pleading guilty to the offense of Transportation of an Unlawful Alien, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii) and 1324(a)(1)(B)(ii), a Class D Felony. This offense carried a statutory maximum imprisonment term of 5 years. The guideline imprisonment range, based on a total offense level of 15 and a criminal history category of II, was 21 to 27 months. Martinez was subsequently sentenced to 21 months of imprisonment followed by 3 years supervised release subject to the standard conditions of release, plus special conditions to include drug aftercare, and a $100 special assessment. On August 18, 2015, jurisdiction was transferred to the Eastern District of Texas.

## II. The Period of Supervision

On June 14, 2014, Martinez completed his period of imprisonment and began service of the supervision term.

## III. The Petition

United States Probation filed the Petition for Warrant for Offender Under Supervision on July 30, 2015 claiming that Martinez violated three conditions of his supervised release. First, that he violated the mandatory condition of release that he shall not commit another federal, state, or local crime. Second, that he violated the standard condition of release that he shall not leave the judicial district without the permission of the court or probation officer. And third, that he violated the standard condition that he shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.

## IV. Proceedings

On March 16, 2016, the undersigned convened a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure to hear evidence and arguments on whether the Defendant violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the Government and the Defendant announced an agreement as to a recommended disposition. The Defendant agreed to plead "true" to the first allegation that he committed another federal, state, or local crime. The allegation claims that "from on or about June 9, 2015, to on or about June 19, 2015, in Orange County, Texas, Martinez committed the offense of Interstate and Foreign Travel and Transportation in Aide of a Racketeering Enterprise, in violation of U.S.C. § 1952(a)(3), as alleged in Criminal Docket No. 1:15-CR-80-MAC-ZH, in the Eastern District of Texas, Beaumont Division." The Petition states the details

supporting the allegation: Homeland Security Investigations (HSI) Task Force Officers found $551,083 inside a toolbox in the bed of a pickup truck that Martinez was driving in Orange County, Texas on June 19, 2015. Martinez admitted to officers that he knew the illegal proceeds were inside the truck and that he was going to be paid 2.5 to 3 percent of the total proceeds if he drove the truck from Beaufort, South Carolina to Harlingen, Texas.

As a result of his involvement, Martinez was ultimately convicted of 31 U.S.C. § 5332(a) (Bulk Cash Smuggling).

The undersigned recommends that the court revoke the Defendant's supervised release and impose a sentence of eight (8) months' imprisonment, with no term of supervised release to follow.

## V. Principles of Analysis

According to Title 18 U.S.C. § 3583(e)(3), the Court may revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision, if the Court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than five years in prison if the offense that resulted in the term of supervised release is a Class A felony, more than three years if such offense is a Class B felony, more than two years in prison if such offense is a Class C or D felony, or more than one year in any other case. The original offense of conviction was a Class D felony; therefore, the maximum imprisonment sentence is 2 years.

According to U.S.S.G. § 7B1.1(a), if the Court finds by a preponderance of the evidence that Martinez violated conditions of supervision by violating the mandatory supervision condition that he not commit another federal, state, or local crime, he will be guilty of committing a Grade B violation. U.S.S.G. § 7B1.3(a)(1) indicates upon a finding of a Grade A or B violation, the court shall revoke probation or supervised release.

U.S.S.G. § 7B1.4(a) provides that in the case of revocation of supervised release based on a Grade B violation and a criminal history category of II, the guideline imprisonment range is 6 to 12 months.

According to U.S.S.G. § 7B1.3(c)(1), where the minimum term of imprisonment determined under U.S.S.G. § 7B1.4 is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in U.S.S.G. § 5C1.1(e), for any portion of the minimum term.

According to U.S.S.G. § 7B1.3(f) any term of imprisonment imposed upon revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release.

In determining the Defendant's sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; see 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed: to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the Defendant with needed educational or vocational training, medical care, other

      corrective treatment in the most effective manner; <u>see</u> 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statements issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; <u>see</u> 18 U.S.C. 3553(a)(4); <u>see</u> <u>also</u> 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; <u>see</u> 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; <u>see</u> 18 U.S.C. § 3553(a)(6).

6. The need to provide restitution to any victims of the offense.

18 U.S.C. §§ 3583(e) and 3553(a).

## VI. Application

The Defendant pled "true" to the petition's first allegation that he violated a mandatory condition of supervised release that prohibited him from committed a federal, state, or local crime.

Based upon the Defendant's plea of "true" to this allegation of the Petition for Warrant or Summons for Offender Under Supervision and U.S.S.G. § 7B1.1(a), the undersigned finds that the Defendant violated a mandatory condition of supervised release.

The undersigned has carefully considered each of the factors listed in 18 U.S.C. §§ 3583(e). The Defendant's violation is a Grade B violation, and his criminal history category is II. The guideline imprisonment range is 6 to 12 months. The Defendant did not comply with the conditions of his supervision and has demonstrated an unwillingness to adhere to conditions of supervision. Consequently, incarceration appropriately addresses the Defendant's violation. The sentencing objectives of deterrence and rehabilitation along with the aforementioned statutory sentencing factors

will best be served by a sentence of eight (8) months' imprisonment, with no term of supervised release to follow.

## VII. Recommendations

The court should find that the Defendant failed to comply with the mandatory condition of supervised release that he not commit a federal, state, or local crime. Martinez agreed to plead true to the first allegation, which alleges that he violated a mandatory condition of release by committing the crime of Bulk Cash Smuggling, in violation of 31 U.S.C. 5332(a).

Accordingly, the petition should be granted and the Defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3583. The Defendant should be sentenced to a term of eight (8) months' imprisonment, with no term of supervised release to follow. This sentence shall run consecutively to any sentence of imprisonment the Defendant is serving. In addition, it is recommended that the Defendant complete his term of imprisonment at the Federal Correctional Institution in Three Rivers, Texas, if possible.

## VIII. Objections

Pursuant to 28 U.S.C. § 636(b)(1)(c), each party to this action has the right to file objections to this report and recommendation. Objections to this report must: (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, and (3) be served and filed within fourteen (14) days after being served with a copy of this report, and (4) no more than eight (8) pages in length. See 28 U.S.C. § 636(b)(1)(c) (2009); FED. R. CIV. P. 72(b)(2); Local Rule CV-72(c). A party who objects to this report is entitled to a *de novo* determination by the United States District Judge of those proposed findings and recommendations to which a specific objection is timely made. See 28 U.S.C. § 636(b)(1) (2009); FED R. CIV. P. 72(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report, within fourteen (14) days of being served with a copy of this report, bars that party from: (1) entitlement to *de novo* review by the United States District Judge of the findings of fact and conclusions of law, see Rodriguez v. Bowen, 857 F.2d 275, 276–77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States District Judge, see Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 22nd day of March, 2016.

_____
Zack Hawthorn
United States Magistrate Judge